## In re ASBESTOS SCHOOL LITIGATION.

### Master No. 83–0268.

United States District Court,
E.D. Pennsylvania.

Sept. 17, 1985.

### No. 83–0268.

United States District Court,
E.D. Pennsylvania.

Sept. 18, 1985.

---

JAMES McGIRR KELLY, District Judge.

Presently before the Court is defendant Kaiser Cement Corporation's (Kaiser) motion to dismiss for lack of in personam jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). Defendant has submitted for the Court's consideration in support of its motion an affidavit of its Vice President, Secretary and General Counsel Carl R. Pagter.

Additionally by separate motion, the defendant here seeks an order to stay discovery as to it until the motion to dismiss is ruled upon.

Conversely, plaintiffs by separate motion seek to defer their response to defendant Kaiser's motion to dismiss for lack of in personam jurisdiction, until it has completed jurisdictional discovery. Additionally, plaintiffs seek an order to compel defendant Kaiser to answer certain discovery requested as to the jurisdictional issue.

█ Once jurisdiction is raised on a motion, it is incumbent for plaintiff to establish that jurisdiction is proper. However, to aid plaintiff's efforts, discovery as to the jurisdictional question must be permitted. Cf. *Local 336 v. Bonatz,* 475 F.2d 433, 437 (3d Cir.1973) (after jurisdiction is challenged, the plaintiff must have opportunity to present facts by affidavit, deposition, or in an evidentiary hearing); *Strick Corporation v. A.J.F. Warehouse Distributors Incorporated,* 532 F.Supp. 951 (E.D.Pa. 1982).

█ The order certifying the class action is presently before the Third Circuit Court of Appeals. Therefore at this point in time, I find it judicially unripe to determine the in personam jurisdiction and the discovery questions.

Accordingly, the motions before me will be dismissed.